# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Elmer Tacy,**
**Petitioner Below, Petitioner**

**FILED**

October 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 15-0041** (Randolph County 13-C-5)

**Patrick Mirandy, Warden,**
**St. Mary's Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Elmer Tacy, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's December 16, 2014, order denying his petition for writ of habeas corpus. The State, by counsel David A. Stackpole, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying habeas relief because he maintains that his trial counsel was constitutionally ineffective for failing to file a direct appeal of his conviction and sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2010, the Randolph County grand jury indicted petitioner on two counts: attempted second-degree robbery, a felony in violation of West Virginia Code § 61-2-12, and wearing a mask, hood, or face covering, a misdemeanor in violation of West Virginia Code § 61-6-22. Petitioner proceeded to trial in February of 2011. Petitioner's trial counsel was Andrea Roberts. At trial, the State presented evidence that petitioner entered an establishment called the High Life Lounge and gave a note to a worker there demanding money. A witness identified petitioner as the culprit, and petitioner's fingerprint was found on the note. Ultimately, the jury convicted petitioner on both counts. In April of 2011, the circuit court held a sentencing hearing and sentenced petitioner to five to eighteen years for the count of attempted second-degree robbery and one year for the count of wearing a mask or face covering. Those sentences were ordered to run consecutively to one another.

In January of 2014, petitioner filed a *pro se* habeas petition, and the circuit court appointed petitioner counsel to prosecute the same. In September of 2013, petitioner, by counsel, filed an amended habeas petition in which he claimed, inter alia, that his trial counsel was constitutionally ineffective for failing to file an appeal of his conviction.

1

In October of 2014, the circuit court held an omnibus evidentiary hearing on the amended habeas petition. Ms. Roberts testified that she discussed petitioner's right to appeal his conviction with him following the trial, but he chose not to pursue a direct appeal at that time. She further stated her belief that petitioner had no viable grounds for an appeal. Instead of filing a direct appeal, petitioner and his trial counsel filed a motion for reconsideration of sentence, which was denied. Based on Ms. Roberts' testimony, which the circuit court found to be credible, the circuit court concluded that petitioner failed to prove the first element of an ineffective assistance claim because his trial counsel's performance was not deficient. Therefore, by order entered on December 16, 2014, the circuit court denied petitioner's habeas petition. This appeal followed.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises the sole issue that the circuit court erred in denying habeas relief based on his claim of ineffective assistance of trial counsel for failing to file a direct appeal of his conviction. Upon our review and consideration of the circuit court's final order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner's petition for writ of habeas corpus based on this ground. Having reviewed the circuit court's order denying habeas relief, entered on December 16, 2014, we hereby adopt and incorporate that order's well-reasoned findings of fact and conclusions of law as to this assignment of error. We note that while the circuit court found no ineffective assistance of trial counsel in this matter based on petitioner's instructions following his trial, petitioner may file a motion for resentencing for purposes of a direct appeal before the circuit court for consideration therein. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

2

**ISSUED:**  October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

GARY ELMER TACY,
        Petitioner,

v.

                                            Case No.  13-C-5

PATRICK MIRANDY, Warden,
St. Mary's Correctional Center,
        Respondent.

## FINAL ORDER

THIS MATTER comes on for a decision this 15th day of December, 2014, upon the papers and proceedings formerly read and had herein; upon an evidentiary hearing held upon the non-waived grounds on October 16, 2014, at which appeared the Petitioner in person and by counsel, Jeremy Cooper, Esq., and at which appeared the Respondent by counsel, Richard Shryock, Jr., Esq., Assistant Prosecuting Attorney; upon the presentation of evidence at said hearing through the testimony of Andrea Roberts, Esq.; upon a briefing schedule established by the Court in lieu of oral closing argument; upon the parties having completed said briefing schedule; and upon this matter having now matured for a decision.

Upon consideration of all of which, the Court doth now make the following findings of fact and conclusions of law:

### Findings of Fact

1. In October of 2010, the Petitioner, Gary Elmer Tacy, was indicted by a Randolph County Grand Jury on charges of Attempted 2nd Degree Robbery, a felony under *W. Va. Code* 61-2-12(b) and Wearing a Mask or Face Covering, a misdemeanor under *W. Va. Code* 61-2-22(a)(2).

2. Attorney Andrea Roberts of Elkins, West Virginia was appointed to represent Petitioner on said charges. The case proceeded to trial by jury and on February 25, 2011, a petit

jury convicted Petitioner of both charges. The thrust of the case against Petitioner was the testimony of an eye witness to the attempted robbery who identified Petitioner and the fact that the Petitioner's fingerprints were found on the robbery note.

3. On April 20, 2011, the Circuit Court of Randolph County sentenced Petitioner to five (5) to eighteen (18) years in the state penitentiary on the charge of Attempted Robbery and to one (1) year in jail on the charge of Wearing a Mask or Face Covering. Said sentences were ordered to be served consecutively.

4. At the conclusion of the sentencing hearing, the Circuit Court advised the Petitioner that he had the right to appeal the sentence of the Court.

5. The Petitioner is currently incarcerated pursuant to said convictions and housed at the St. Mary's Correctional Center.

6. On January 7, 2013, the Petitioner filed his pro se Petition for Writ of Habeas Corpus.

7. On January 25, 2013, attorney Rachel O. Livingood was appointed to represent the Petitioner.

8. On September 30, 2013, Petitioner timely filed his Amended Petition for Writ of Habeas Corpus. The Petitioner cited seven (7) grounds for relief in his Amended Petition. They were as follows: (1) ineffective assistance of counsel, (2) counsel failed to take an appeal, (3) the anti-masking statute is unconstitutional, (4) the State suppressed helpful evidence, (5) the jury was instructed improperly, (6) the State made prejudicial statements during trial, and (7) the evidence was insufficient to warrant conviction.

9. On December 6, 2013, Respondent filed a response to Petitioner's Amended Petition for Writ of Habeas Corpus.

10. On May 9, 2014, Attorney Livingood withdrew as counsel for Petitioner and

Attorney Jeremy Cooper was appointed counsel for Petitioner.

11. On October 16, 2014, the matter came on for an evidentiary hearing before this Court. At the beginning of said hearing, Petitioner advised the Court that having gone through the *Losh* list of potential grounds for habeas relief, he wished to proceed only upon the following grounds: (1) Failure of counsel to take an appeal, (2) Suppression of helpful evidence by prosecutor (3) Ineffective assistance of counsel (4) Instructions to jury, and (5) Claims of prejudicial statements by prosecutor. Petitioner after inquiry from the Court and his counsel, knowingly and intelligently waived all other grounds including two other grounds which he raised in his Amended Petition, specifically that the statute he was convicted under is unconstitutional and sufficiency of evidence.

12. The only witness called by Petitioner was attorney, Andrea Roberts, Petitioner's trial counsel. Respondent called no witnesses.

13. With regard to ground number 1 (Failure of counsel to take an appeal), Attorney Roberts testified that she informed the Petitioner of his right to appeal his conviction and the merits or lack thereof of any grounds for appeal. Attorney Roberts testified that the Petitioner made the decision not to file an appeal. Further, Attorney Roberts stated that she did not believe there were any viable grounds for appeal.

14. With regard to ground number 2 (Suppression of helpful evidence by prosecutor), Petitioner claims that the State suppressed helpful evidence by failing to disclose an unsuccessful photo identification of the Petitioner. However, both the testimony of Attorney Roberts and the record in this matter reveal that this information was obtained by Petitioner prior to trial and, in fact, was used to cross examine and impeach those witnesses who were unable to identify the Petitioner from a photo lineup.

15. With regard to ground number 3 (Ineffective assistance of counsel), Attorney Roberts testified that she met with Petitioner on numerous occasions prior to trial usually at the courthouse. She testified that she had strategic reasons for objecting or not objecting to certain evidence offered by the State at trial. She testified that the trial strategy was based on the theory that an acquaintance of the Petitioner who was found in the area of the robbery, shortly after the robbery, by police, was, in fact, the perpetrator.

16. With regard to ground number 4 (Jury Instructions), Petitioner complains that the Circuit Court gave an instruction on Robbery rather than the actual charge of Attempted Robbery. This instruction also contained the incorrect date of the offense and the Court began, but did not complete, instructing the jury that the crime was alleged to have occurred at a different location. The different location was the Fast Break store. However, the Circuit Court only read "Fast" to the jury before realizing the error. The Court also realized at that point, that the instruction should have been on Attempted Robbery and that the date was wrong. The Jury was removed from the courtroom and the Court and counsel discussed the issue. It was decided that the jury would be informed that there was a typo in the instructions, which was in fact the case, and the instructions would begin over again. Both counsel expressed their agreement with this remedy.

17. With regard to ground number 5 (Claims of prejudicial statements by prosecutor), Petitioner complains that the prosecutor at trial asked a law enforcement witness whether a Mr. Currence was a working associate or a friend of Mr. Tacy. . ." .in your line of business so to speak." Petitioner argues that this was an express and implied accusation of criminality and thus tainted the jury. Petitioner also complains that the jury heard a reference to another attorney having represented him in a different case in the Magistrate Court of Randolph County. This apparently happened during voir dire. Trial counsel argued to the Court that this

of an ineffective assistance of counsel claim, "a reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of professional judgment." *State v. Layton*, 189 W. Va. 470, 487, 423 S.E.2d 740, 757 (1993).

4. Attorney Roberts' and Petitioner's decision not to file an appeal was not deficient under an objective standard of reasonableness and, therefore, fails to meet the first prong of *Strickland*. *Strickland*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Again, the only evidence is that Petitioner was informed of his right to appeal his conviction and he and his counsel decided not to do so. It appears that this decision was made in the context of another decision between counsel and client to pursue a motion for reconsideration of sentence as their primary strategy. Therefore, the lack of an appeal under these circumstances does not constitute ineffective assistance of counsel.

5. Petitioner claims that the State suppressed helpful evidence by failing to disclose an unsuccessful photo identification of the Petitioner. However, this information was obtained by trial counsel prior to trial and it was used to cross examine and impeach those witnesses who were unable to identify the Petitioner from a photo lineup. Petitioner was not in any way prejudiced by the late discovery of the failed photo line ups and, therefore, there was no error. Again, counsel was able to use this information effectively in cross examination.

6. Petitioner complains that the Circuit Court gave an instruction on Robbery rather than the actual charge of Attempted Robbery. This instruction also contained the incorrect date of the offense and the Court began, but did not complete, instructing the jury that the crime was alleged to have occurred at a different location. It is important to note that the charge of

Robbery in the 2nd Degree under *W. Va. Code* 61-2-12(b) encompasses both a completed Robbery and an attempted Robbery. Thus, the only difference between a Robbery instruction and an Attempted Robbery instruction is the inclusion of the word attempted. In addition, there is no evidence that because a Robbery instruction with the wrong date and half the wrong location was given, the jury would assume that the Petitioner had also been accused of robbing a different store. There are simply no facts in the record to support that conclusion. The Circuit Court informed the jury that there had been a typo and they were then correctly instructed. There was no prejudice to the Petitioner.

7. Petitioner also claims that Attorney Roberts' failure to request a mistrial based upon the jury instruction constitutes ineffective assistance of counsel. Petitioner's ineffective assistance of counsel claim fails under the first prong of *Strickland* because there was simply no ground for a mistrial and, therefore, counsel's failure to request one was not deficient under an objective standard of reasonableness. "The decision to declare a mistrial and discharge a jury is a matter within the sound discretion of the trial court." *State v. Williams*, 172 W. Va. 295, 304, 305 S.E.2d 251, 260 (1983). In addition, Attorney Roberts did argue to the Court that the jury might be tainted as a result of the original Robbery instruction and, although she did not use the term mistrial, the record is clear that her argument to the Court following the instruction was in essence a motion for mistrial. In any event, the Court clearly disagreed with this assertion and a suitable remedy was agreed upon.

8. With regard to alleged improper remarks made by the prosecutor at trial, " [A] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syllabus Point 5, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995). There are four factors that "are taken into account in determining whether improper prosecutorial comment is so

damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength and competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *Id.*

9.   The alleged improper remarks made by the prosecutor at trial were isolated and caused very little prejudice if any at all to the Petitioner.   Indeed, it is doubtful that the jurors even made any improper connections to other criminality because the remarks did not expressly accuse or detail any unrelated criminal conduct.   The remarks were isolated and not part of some attempt by the prosecutor to divert attention to extraneous matters.   None of the statements made by the prosecutor were mentioned more than once or argued in his closing statement.   Finally, the proof against Petitioner included his fingerprint on the robbery note and witness identification of the Petitioner as the person who committed the attempted robbery.   The State's case against the Petitioner was very strong.   Therefore, Petitioner's argument that the remarks warrant a new trial is without merit.

## Conclusion

Based upon the testimony presented at the evidentiary hearing in this matter and the record as a whole, Petitioner's grounds for habeas relief are without merit and his Petition for Writ of Habeas corpus is denied.   As such, the Court **ORDERS** that the Petition for Habeas Corpus shall be and hereby is dismissed.

The Clerk of the Court is directed to remove this case from the active docket of the Court and to forward attested copies of this Order to the Assistant Prosecuting Attorney, Richard

W. Shryock, Jr. and to counsel for the Petitioner, Jeremy Cooper.

ENTER THIS THE 15th DAY OF December, 2014.

_____
The Honorable Thomas W. Steptoe, Jr.

CC: PVA
CC: Cooper

ENTERED

DEC 1 6 2014

PHILIP D. RIGGLEMAN, CLERK


A TRUE COPY·
ATTEST:
     PHILIP D. RIGGLEMAN
CLERK OF THE CIRCUIT COURT
BY _____ DEPUTY